UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMMEAN RAMANI MOSS,

    Petitioner,

v.

JOHN CHRISTIANSEN

    Respondent.

Case No. 23-10068
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS [1] AND CERTIFICATE OF APPEALABILITY**

---

Late in the evening on August 26, 2018, Dammean Ramani Moss robbed two individuals at gunpoint as they sat in a vehicle outside a residence in Dearborn Heights, Michigan. Moss was arrested with one victim's phone and the other's vaporizer pen on him. He went to trial in Wayne County Circuit Court and was convicted of armed robbery, felon in possession of a firearm, felon in possession of ammunition, carrying a concealed weapon, felonious assault, and possession of a firearm in the commission of a felony. Moss was sentenced to a very lengthy prison term that he is currently serving at the St. Louis Correctional Facility in St. Louis, Michigan.

Moss' convictions were affirmed on direct appeal. He then filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Moss contends his due process rights were violated by an unduly suggestive photo array that was viewed by the victims without defense counsel being present. The Michigan Court of

Appeals rejected this claim on plain error review. Because Moss' claim is procedurally defaulted, a writ of habeas corpus is not warranted. Thus, Moss' petition is DENIED.

## I.

"The facts as recited by the Michigan Court of Appeals are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1)." *Shimel v. Warren*, 838 F.3d 685, 688 (6th Cir. 2016). As the appellate court summarized:

> This case arises out of an armed robbery that occurred around 11:00 p.m. on August 26, 2018, in Dearborn Heights, Michigan. Moussa Soueidan and Hassan Hallal were inside Soueidan's vehicle outside of Hallal's home when defendant approached the driver's side door of the vehicle. Defendant put a handgun up to the window and told Soueidan to open the door. Soueidan opened the door and defendant proceeded to point the gun inside the vehicle and demand multiple things from Soueidan and Hallal including both of their phones, Soueidan's wallet, keys, and vaporizer pen, and Hallal's watch. Soueidan and Hallal turned over these items to defendant. Defendant then told Soueidan to get out of the vehicle and get into the trunk. When Soueidan refused to get into the trunk, defendant demanded that he lie down in the grass. Soueidan obliged and defendant walked away. While walking away, Soueidan and Hallal heard a gunshot coming from defendant's direction.
>
> Hallal provided the police information regarding the Find My Phone application on his phone, which is a GPS tracking application. The following morning, the police tracked the phone's location and located defendant in downtown Detroit. Officer Lee Willmuth and Corporal Matthew Greb arrested defendant. Defendant had a handgun, Hallal's phone, and Soueidan's vaporizer pen on him. Defendant was also wearing Nike sweats with the Nike swoosh on the side, which generally matched the description of his clothing given by Soueidan and Hallal.
>
> On August 28, 2018, Soueidan and Hallal were both separately shown a photographic lineup of six possible suspects. Defendant's photograph was not included in this photographic lineup. However, both Soueidan and Hallal identified a different person, Corey Watts, as the person who robbed them. On September 13, 2018, Soueidan and Hallal were called to return to the police station to view another photographic lineup. Defendant's photograph was included in this second photographic lineup. During this photographic lineup, both Soueidan and Hallal

> identified defendant as the person who robbed them. Defendant was subsequently charged and convicted . . . .

*People v. Moss*, No. 353256, 2021 WL 1589565, at *1 (Mich. Ct. App. Apr. 22, 2021) (per curiam), *appeal denied*, 964 N.W.2d 797 (Mich. 2021) (mem.).

On appeal, Moss challenged the second photographic array. The essence of the argument was that the photographic array was unduly suggestive because Moss was the only individual depicted with face and neck tattoos and that it violated his due process rights because he did not have counsel present. (ECF No. 1, PageID.19.) In denying the appeal, the Michigan Court of Appeals explained that "[a]lthough [Moss] moved to suppress the photographic lineup evidence, [he] did not move to suppress this evidence on the basis that the photographic lineup procedure was unduly suggestive because defendant stood out amongst the other individuals in the photographic lineup or because he was deprived of his due process rights." *Moss*, 2021 WL 1589565 at *9. Instead, before the trial court, Moss "only argued that the evidence should be suppressed because he believed that photographs in the lineup contained the names of the individuals who were depicted in the photographs shown to Soueidan and Hallal." *Id*. Thus, the Michigan Court of Appeals found that Moss' "particular arguments on appeal" were not preserved. *Id*. It reviewed them for plain error and found none. *Id*. at *10–12.

Moss now raises the same due process issues in his federal habeas petition—that is, "[w]hether [his] rights to due process were violated when A: [his] identity was used in an unduly suggestive photographic lineup, B: [he] was not given right to counsel during photographic lineup." (ECF No. 1, PageID.18.) In response, the

3

Warden claims that the petition should be denied because these claims are procedurally defaulted and lack merit. (ECF No. 9.)

## II.

The Court begins with procedural default given the Sixth Circuit's guidance that "where a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the . . . issue." *Sheffield v. Burt*, 731 F. App'x 438, 441 (6th Cir. 2018).

Prior to trial, when Moss was represented by counsel, Moss moved to suppress the victims' identification of him as the person who robbed them on the ground that the photographic array contained the names of the persons depicted in the array. (ECF No. 10-10, PageID.264–265.) Moss did not raise any arguments about being the only one depicted with a tattoo on his face or not having counsel during the photographic line-up. Ultimately, the trial court denied the motion to suppress. Then, on appeal, Moss claimed the admission of this identification evidence violated his due process rights because the photographic line-up was unduly suggestive and unattended by counsel. The Michigan Court of Appeals noted that Moss' claim of evidentiary and constitutional error was unpreserved and that no plain error occurred. *Moss*, 2021 WL 1589565, at *10–11.

A claim is procedurally defaulted when "(1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing

4

the default." *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc) (quotation marks omitted).

All four elements are present here. First, Moss did not comply with Michigan's procedural rules concerning issue preservation. Under Michigan law, "[t]o preserve an issue for appellate review, a party must object below and specify the same ground for objection that it argues on appeal." *People v. Bosca*, 871 N.W.2d 307, 338 (Mich. Ct. App. 2015); *People v. Thorpe*, 934 N.W.2d 693, 705 (Mich. 2019); *see also People v. Cain*, 869 N.W.2d 829, 832 (Mich. 2015) ("[I]ssues that are not properly raised before a trial court cannot be raised on appeal absent compelling or extraordinary circumstances." (citation omitted)). "In other words, 'an objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground.'" *Theriot v. Vashaw*, 982 F.3d 999, 1003 (6th Cir. 2020) (quoting *People v. Bulmer*, 662 N.W.2d 117, 118 (Mich. Ct. App. 2003) (per curiam)). Again, Moss did not make a contemporaneous objection in the trial court predicated on the undue suggestiveness of, or absence of counsel during, the photo line-up. Thus, "he failed to comply with Michigan's procedural rules regarding issue preservation." *Theriot*, 982 F.3d at 1004. Second, the Michigan Court of Appeals enforced this procedural rule. "We know that because a state appellate court's review for plain error is enforcement of a procedural rule." *Id.* (citing *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001)). Third, "Michigan's contemporaneous-objection rule 'constitutes an adequate and independent state ground for foreclosing federal review.'" *Id.* (quoting *Taylor v. McKee*, 649 F.3d 446, 451 (6th Cir. 2011)). Lastly, Moss has not asserted any cause to

5

excuse the default. As the Warden points out, Moss represented himself at trial, so there is no issue of ineffective assistance of counsel here. Because Moss did not show cause, it is not necessary to address prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Nor has Moss demonstrated that failure to consider the due process claims will result in a fundamental miscarriage of justice, which is another way to excuse procedural default. *See Theriot*, 982 F.3d at 1004; *Richardson v. Palmer*, 941 F.3d 838, 847 (6th Cir. 2019). Even assuming the photo array was unduly suggestive, this does not demonstrate actual innocence. *See, e.g.*, *Fitts v. Eberlin*, 626 F. Supp. 2d 724, 739 (N.D. Ohio 2009) (concluding that habeas petitioner's claim that the photographic identification procedure was unduly suggestive was not a claim of actual innocence that would excuse the untimely filing of his habeas petition).

In sum, Moss' due process challenge to the admission of his identification through the photographic line up is procedurally defaulted and nothing has been shown to excuse the default.[1]

---

[1] Even if the Court considered the claim on the merits, it would deny the petition. Applying either AEDPA deference or *de novo* review, and considering the relevant factors in *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972), the Court agrees with the Michigan Court of Appeals' reasoning that, even if the photo array was unduly suggestive, the victims' identification of Moss was sufficiently reliable to warrant admission. The victims also testified that they did not notice or use the tattoos to distinguish Moss. (ECF No. 9, PageID.111.) Additionally, Moss did not have a right to counsel at the photo lineup. *See Bozeman v. Schiebner*, No. No. 24-1654, 2025 U.S. App. LEXIS 7778, at *11 (6th Cir. Apr. 2, 2025) (citing *United States v. Ash*, 413 U.S. 300, 321 (1973)).

### III.

For these reasons, Moss' petition for a writ of habeas corpus is DENIED, a certificate of appealability is DENIED for failure to satisfy the standards in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and any request to proceed in forma pauperis on appeal is GRANTED. A separate judgment will follow.

**IT IS SO ORDERED.**

Dated: May 22, 2025

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE